# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEONANDRE FORD, | ) |
| Petitioner, | ) |
| v. | ) No. 1:25-cv-129-SRW |
| GEORGE HANCOCK, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Petitioner Deonandre Ford's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that a petitioner is not entitled to relief. For the reasons discussed below, the Court shall summarily dismiss the petition here.

### Background

On November 15, 2024, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Ford v. Stange*, Case No. 1:24-cv-211-RWS (E.D. Mo.). He filed his amended petition on January 25, 2025. He requested relief on two grounds: (1) the trial court erred in failing to grant his motion to suppress statements that he made in an interrogation room, and 2) his trial counsel was ineffective for failing to impeach a witness with prior inconsistent statements.

On August 8, 2025, the Honorable Judge Rodney W. Sippel denied Petitioner's amended habeas petition. Both of his points were reviewed and denied on the merits. A certificate of appealability was not issued as Petitioner had not made a substantial showing of the denial of a

federal constitutional right. Petitioner filed a motion for reconsideration on September 9, 2025. The Court denied that motion on October 15, 2025. Petitioner filed an appeal before the Eighth Circuit on October 23, 2025. That appeal is still pending.

## Instant Petition

On August 7, 2025, Petitioner filed a second petition under 28 U.S.C. § 2254, while his other petition was still pending before Judge Sippel. ECF No. 1. Petitioner raises the exact same two points in the instant petition as he raised in his prior petition.

## Discussion

Petitioner is a self-represented litigant who brings the instant habeas petition pursuant to 28 U.S.C. § 2254. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Petitioner brings two claims in this case which are identical to the claims he raised in his prior habeas petition. He does not bring any new claim, and even if he did, he does not have an order authorizing a successive petition from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition"). Therefore, the petition must be denied and dismissed as successive.

Further, the Court has considered whether to issue a certificate of appealability. To issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the

2

issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of January 2026.

                                                                        _____
                                                                        CRISTIAN M. STEVENS
                                                                        UNITED STATES DISTRICT JUDGE